**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————

**No. 98-6813**

————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

ROBERT CYRIL GLANS,

                              Defendant - Appellant.

————

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Cameron McGowan Currie, District
Judge.  (CR-96-46)

————

Submitted:  December 8, 1998          Decided:  January 19, 1999

————

Before WIDENER and MURNAGHAN, Circuit Judges, and PHILLIPS, Senior
Circuit Judge.

————

Dismissed by unpublished per curiam opinion.

————

Robert Cyril Glans, Appellant Pro Se.  J. Rene Josey, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Robert Glans appeals the district court's marginal order denying Glans' motion for a reduction of sentence pursuant to 18 U.S.C.A. § 3553(b) (West 1994 & Supp. 1998). We lack jurisdiction, however, to consider the merits of his appeal because it is untimely. Criminal defendants have ten days from the entry of the judgment or order at issue to file a notice of appeal. See Fed.R.App.P. 4(b). The appeal periods established by Rule 4 are "'mandatory and jurisdictional.'" Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

In this case, the district court entered its marginal order on May 8, 1998.* Glans filed his notice of appeal on May 29, 1998, eleven days outside of the appeal period. Glans' failure to note a timely appeal or obtain an extension of the appeal period therefore deprives this court of jurisdiction to consider the merits of his appeal. We therefore dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequate-

---

* Although the district court's order is marked as "filed" on May 7, 1998, the district court's records show that it was entered on the docket sheet on May 8, 1998. Pursuant to Rules 58 and 79(a) of the Federal Rules of Civil Procedure, we take the date the order was physically entered on the docket sheet as the effective date of the district court's decision. Wilson v. Murray, 806 F.2d 1232, 1234-35 (4th Cir. 1986).

ly presented in the materials before the court and argument would not aid the decisional process.

DISMISSED